IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| LAURA KATHRYN ROSS and ) <br> CAITLIN BOTELHO, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MING DYNASTY, LLC d/b/a ) <br> MING'S ASIAN CUISINE and ) <br> MING D. ZHAO, individually and ) <br> LEI ZHAO, individually, ) <br>     Defendants. ) | Case No.: _____ |

## COMPLAINT

Plaintiffs, Laura Kathryn Ross and Caitlin Botelho, for their Complaint against Defendants, Ming Dynasty, LLC d/b/a Ming's Asian Cuisine ("Ming's"), Ming D. Zhao ("M. Zhao") and Lei Zhao ("L. Zhao")(collectively as "Defendants"), allege as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Ming's, M. Zhao and L. Zhao under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid straight time wages and unpaid minimum wages for Plaintiffs, who were employed by Defendants.

### II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs are residents of this district, and Ming's regularly conducts business in and has engaged and continues to engage in wrongful conduct alleged herein in this district.

## III. PARTIES

4. Defendant, Ming Dynasty, LLC is a Tennessee Limited Liability Company with its principal executive office located at 1045 Hamilton Place Drive, Johnson City, Washington County, Tennessee 37604. According to the Tennessee Secretary of State, Ming's may be served through its registered agent for service of process, Ming D. Zhao, 1045 Hamilton Place Drive, Johnson City, Tennessee 37604.

5. Defendant, Ming D. Zhao, upon information and belief, is a resident of Washington County, residing at 3325 Berkshire Circle, Johnson City, Washington County, Tennessee 37604. Ming D. Zhao may be served at 1045 Hamilton Place Drive, Johnson City, Tennessee 37604.

6. Defendant, Lei Zhao, upon information and belief, is a resident of Washington County, and may be served at 1045 Hamilton Place Drive, Johnson City, Tennessee 37604.

7. Each Defendant is an "Employer" of the Plaintiffs, as defined by Section 203(d) of the FLSA, and M. Zhao and L. Zhao had supervisory authority over and made personnel, compensation and other business decisions that affected Plaintiffs' terms and conditions of employment.

8. Plaintiff, Laura Kathryn Ross, was employed by Ming's as a tipped employee (server) in Ming's Jonson City, Tennessee restaurant during the relevant period herein.

9. Plaintiff, Caitlin Botelho, was employed by Ming's as a tipped employee (server) in Ming's Jonson City, Tennessee restaurant during the relevant period herein.

## IV. ALLEGATIONS

10. Ming's owns and operates Ming's Asian Cuisine restaurant located in Johnson City, Washington County, Tennessee.

11. The primary function of Ming's Asian Cuisine restaurant is to sell food and beverage items to customers. Ming's is engaged in interstate commerce, sufficiently to be bound by the FLSA. Further, Plaintiffs' activities as servers include receiving payment and transacting payment from Ming's customer, which includes engaging in interstate commerce.

12. Defendants were the "Employer" of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

13. Ming's employed Plaintiffs and was responsible for setting pay and work schedules during the relevant period of time in question.

14. Defendants had a plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per week (budgeted labor) by providing incentives to restaurant managers to encourage, entice, permit and/or require Plaintiffs to perform work "off the clock," as well as failing to pay Plaintiffs minimum wage and money tipped to Plaintiffs throughout the relevant period herein.

15. At all times material to this action, Plaintiffs were "employees" of the Defendants as defined by Section 203(e)(1) of the FLSA and, worked for the Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, Ming's has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, Ming's has been subject to the pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in interstate commerce.

18. At all relevant times material to this action, Ming's restaurant employed tipped employees whose primary duties are to take food and beverage orders, serve such items to customers and to transact payment from customers.

19. At all times material to this action, Ming's failed to tract or keep Plaintiffs' hours worked.

20. At all times material to this action, and pursuant to Ming's uniform policies and practices, Plaintiffs have been required to work in tip producing jobs for which Ming's did not allow Plaintiffs to pool or keep said tipped monies, and Plaintiffs were paid only sub-minimum hourly wages as tipped employees.

21. At all times material to this action, Ming's did not pay to Plaintiffs any hourly rate, not even $2.13 per hour.

22. As a result, Plaintiffs are entitled to at least the applicable minimum wage for all hours worked, and Defendants are not entitled to any tip credit under the FLSA.

23. The net affect of Ming's policy and practice of requiring Plaintiffs, who were tipped employees, to work and not receive all of their tip monies, not participate in a tip pool, and not receive a minimum wage rate, is that Defendants willfully failed to pay Plaintiffs for all straight time work and minimum wages in order to save payroll costs and payroll taxes. Ming's and Defendants therefore enjoyed ill-gained profits at the expense of Plaintiffs.

24. U.S. Department of Labor Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)".

25. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52. At all times material to this action, and pursuant

to Ming's policies and practices, Plaintiffs were required to turnover all or a portion of their tip money to Defendants whereby Defendant would then place all or a portion of Plaintiffs' tip money into Ming's cash register to operate Ming's restaurant, thus Plaintiffs were not paid their required minimum wage rate of $7.25 per hour.

26. As a result, Plaintiffs are entitled to at least the applicable minimum wage for such time in which they did not receive minimum wages for all hours worked, as a result of being required to turnover their tip money to Defendants and because Plaintiffs were never paid any minimum wage.

27. Plaintiffs aver that when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

28. Plaintiff Ross was employed with Defendants during the period of March 25, 2016 through December 15, 2016 as a tipped employee, but did not receive minimum wage for hours worked. From March 25, 2016 through mid August, 2016 Plaintiff Ross regularly worked in excess of 35 hours per week. In mid August, 2016, Plaintiff Ross complained that she was not being paid legally and Defendants willfully and maliciously retaliated by cutting her hours of work. From August, 2016, through the date of her voluntary resignation on December 15, 2016, Plaintiff Ross regularly worked 5 hours per week for Defendants.

29. Plaintiff Botelho was employed with Defendants during the period of May 6, 2016 through December 3, 2016 as a tipped employee, but did not receive minimum wage for hours worked. Plaintiff Botelho worked 37 or more hours per week during May, 2016, 12 – 28 hours per week during June, 2016, 9.5 – 19 hours per week during July, 2016, 7.5 – 13.5 hours per week during August, 2016, 4 hours per week during September, 2016, 4 hours per week during October, 2016, 4 hours per week during November, 2016, and 5.5 hours in December up

to the date of voluntary resignation on December 3, 2016. During Plaintiff Bortelho's employment, she complained about Defendants illegal wage payments and thereafter Defendants willfully retaliated against Plaintiff Bortelho by cutting her hours of work.

## COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE, UNPAID STRAIGHT WAGES

30. Plaintiffs repeat and re-allege Paragraphs 1 through 29 above, as if they were fully set forth herein.

31. At all times relevant, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiffs for all hours worked.

32. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs for all hours worked.

33. As a results of Defendants willful failure to compensate Plaintiffs the applicable federal minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA.

34. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. As a result of Defendants willful failure to compensate Plaintiffs for at least the applicable minimum wage rate, Defendants have violated and continue to violate the FLSA.

36. Plaintiffs are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA and an additional about as liquidated damages, together with interest, costs and reasonable attorneys' fee for the three-year statutory period under the FLSA.

37. Due to Defendants willful FLSA violations, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, and an additional equal amount as liquidated

damages, as well as interest, reasonable attorneys' fees, costs and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## RETALIATION OF PLAINTIFFS

38. Plaintiffs began asking questions and complaining to Defendants about the illegal payment of wages, withholding tip money and failing to pay minimum wage. After lodging such complaints, Defendants reduced the hours of work provided to Plaintiffs.

39. Defendants willfully engaged in a pattern and practice of violating the FLSA as detailed herein by preventing or endeavoring to prevent Plaintiffs from exercising their rights and receiving benefits to which they were entitled under § 207 of the FLSA and by reducing their hours of work and thus reducing their income for complaining about Defendants failure to comply with the FLSA minimum wage requirements. As a result of Defendants violation of the FLSA, Plaintiffs have suffered emotional distress, lost tangible job benefits, including the loss of wages and salary, past and future in an amount to be determined at trial. Defendants' conduct as stated herein violates the FLSA, 29 U.S.C. § 215(a). Defendants made no good faith effort to comply with FLSA with respect to the rights afforded to Plaintiffs under the FLSA, and their conduct was willful.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, pursuant to Section 216(b) of the FLSA, pray for the following relief:

A. That Plaintiffs be awarded damages in the amount of the respective unpaid compensation owed to them under the FLSA, including payment for unpaid minimum wages, plus an equal amount of liquidated damages, and/or prejudgment and post-judgment interest;

B. Reasonable attorneys' fees;

C. Costs and expenses of this action;

D. That Plaintiffs be awarded damages including lost wages, salary and other compensation with interest, plus an equal amount of liquidated damages, punitive damages, prejudgment and post-judgment interest, emotional distress, humiliation and embarrassment, damages and other relief permitted by the FLSA for retaliation.

E. Such other further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which Plaintiffs may be entitled.

Dated: May 23, 2017

Respectfully submitted,

/s/Jeffrey C. Taylor
**Jeffrey C. Taylor** (BPR #013436)
TAYLOR Law Firm
365 West Third North Street
P.O. Box 2004
Morristown, TN 37816-2004
(423) 586-6812
jeff@taylorlawfirmtn.com

Attorney for Plaintiffs, Laura Kathryn Ross and Caitlin Botelho